### LEE LASH CO. v. NORTHWESTERN CONSOL. MILLING CO.

#### (District Court, E. D. Pennsylvania. December 15, 1914.)

#### No. 3044.

1. CONTRACTS (§ 338*)—ACTIONS—PLEADING—AFFIDAVIT OF DEFENSE.

A contract for the display of advertisements by means of lantern slides provided that in case of shortage in the performance of the contract, due either to unsatisfactory service or to nonservice, other services were to be substituted for the shortage, but that, if plaintiff, at defendant's request, furnished new slides, the cost of such slides should be accepted in lieu of such extra substituted service. Plaintiff sued defendant, alleging, in its statement of claim, that at defendant's request a new series of slides was substituted; that it supplied 2,681 of the substituted slides at a cost of $1 each; that it had fully performed its contract and fully discharged its obligation to render extra service because of a failure or defect in service; that accounts had been rendered, as required by the contract, showing a balance of $5,055; that the total value of the services rendered was $87,946, and the total credits amounted to $82,891. The affidavit of defense denied that any slides were furnished at defendant's request, alleged that the substituted slides were voluntarily supplied by plaintiff pursuant to an oral agreement preceding the written contract, denied that the value of the services was as alleged, alleged that their value did not exceed $85,100, and alleged a payment since suit brought of $2,374. *Held*, that while, if plaintiff, as ordinarily required, had alleged the dates and items of the services rendered or set forth copies of the account stated, defendant would have been required to specify which of the alleged services were not performed, plaintiff having contented himself with a summary of the services, credits and balance due, and defendant having accepted such summary, defendant was confined to a denial in a like summary form, and hence the affidavit of defense was sufficient.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1691, 1692, 1695, 1698–1705; Dec. Dig. § 338.*]

2. CONTRACTS (§ 338*)—ACTIONS—PLEADING—AFFIDAVIT OF DEFENSE.

While treating the allegation that slides to the value of $2,681 were supplied as merely anticipating a possible defense, and therefore as surplusage, the allegation that slides were not furnished at defendant's request might also be treated as surplusage, the statement of claim might be found to be ambiguous and to base plaintiff's claim on the performance of a part of the original service under the contract, plus some extra service, and with the further addition of the cost of the slides, and, in this view of the statement of claim, such allegation was of value.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1691, 1692, 1695, 1698–1705; Dec. Dig. § 338.*]

At Law. Action by the Lee Lash Company against the Northwestern Consolidated Milling Company. On rule to open judgment. Rule made absolute, and leave to file affidavit of defense granted.

See, also, 217 Fed. 315.

Henry Budd, of Philadelphia, Pa., for plaintiff.

Roberts, Montgomery & McKeehan, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This case has been argued as if heard on a rule for judgment for want of a sufficient affidavit of defense. It is not a little difficult to discover just where the parties cross

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

swords in their conflict. The facts over which there is no controversy appear to be these:

[1, 2] The plaintiff is in the business of displaying advertisements, shown on lantern slides, in moving picture houses. To this end it contracts with different theaters for the privilege of showing the slides. The defendant is in the milling business, and advertises its products very widely. On April 1, 1912, the parties made a contract. It is in writing, and takes the form of a written proposal by the defendant, accepted by the plaintiff. The essential features of the agreement are that the plaintiff was to display the advertisements of the defendant in the theaters with which the former held contracts. For this service the defendant was to pay a fixed price per day for displaying the avertisements in each of the houses. The defendant had the right to select the houses, and the service rendered was to be subject to its approval. This meant that no charge was to be made to the defendant for the houses or for the times in and at which no service was performed, nor was the defendant to be charged for services condemned by it as unsatisfactory. The shortage in the performance of the contract, due either to this nonservice or unsatisfactory service, was to be made up, however, by other services which were to be substituted for the shortage. The plaintiff was to be at the entire cost of the slides. The defendant had the right to require of the plaintiff that the slides be changed at defendant's request. If new slides were furnished at defendant's request, and if there was a shortage of service or there was unsatisfactory service in the performance of the contract, then the cost of the changed slides, furnished at the request of the defendant, was to be accepted pro tanto in lieu of the extra substituted service above referred to. The defendant was to be given prompt information of what was done by the plaintiff under the contract, and accounts were to be rendered periodically. The plaintiff entered upon performance of the contract, and the services terminated May 31, 1913. Accounts were rendered from time to time, and a final statement of the account was made on June 16, 1913. A summary of these accounts showed total services to the value of $87,946, against which total credits were allowed of $82,891, leaving a balance of claim of $5,055. The plaintiff performed some service of the character above designated as extra service. A record was kept of unperformed and unsatisfactory services under the contract in the form of what the parties termed "credit notes." The amount of these notes does not appear in the pleadings. There does not seem to be any controversy over any of the facts included in the above statement.

Having what the plaintiff claimed to be a just cause of action for the above balance of $5,055, it brought this action. Its statement of claim sets forth the contract in full, sets forth that, at the commencement of the service, the plaintiff was exhibiting a certain slide, and subsequently, at the request of the defendant, substituted for the slide at first in use a series of four other slides, and, in order to comply with the request of the defendant for changed slides, supplied in all 2,681 slides at a cost of $1 each, and declares that the plaintiff has fully performed the contract on its part. The statement of claim further avers, however, that

the plaintiff had "fully discharged its obligation to render extra service when, for any cause, there had been a failure or defect in service in houses selected or approved by the defendant." There is a further averment to the effect that statements had been rendered from time to time, showing the state of the account at such times, and that a final statement was rendered on June 16th, showing a balance of $5,055 to be due by defendant to plaintiff. The statement of claim gives the dates on which these different accounts were rendered, but no copies of the account are incorporated in the statement. The services are alleged to have been terminated on May 31, 1913, and the total value of services rendered is given as $87,946, against which credits are admitted to the amount of $82,891, and a claim is made for the difference.

The defendant took a rule for a more specific statement. There was no criticism of the statement of claim on the score that it did not set out either the service rendered or copies of the accounts as furnished, and a further and more specific statement of the plaintiff's claim in this respect was understood by the court to have been waived. The rule for a more specific statement was based upon and was understood by the court to be confined to the following feature of the statement of claim: It was asserted by the defendant that the statement of claim included a claim for the 2,681 slides, and the court was asked to require the plaintiff to set forth a detailed statement of the dates when the slides were furnished and the quantity of slides furnished on the respective dates. This rule was discharged by the court because the basic statement on which the rule was founded was itself without foundation. Plaintiff, by its statement of claim, was not seeking to recover payment for the changed slides. It was claiming $5,055 for services contracted for, and which it alleged it had performed. So far as affected the statement of claim, the averment of the supply of changed slides played no function. It was mere surplusage.

The real defense meant to be set up would seem to be that the plaintiff was not entitled to the sum of $5,055, but to only $2,374, which sum has been paid by defendant. This defense on the face of the statement of claim might have been simply and directly presented by a denial of service to the amount of value as claimed by the plaintiff and a statement of the correct amount, together with the fact of payment. Instead of this, for some reason, the affidavit of defense sets forth a somewhat lengthy averment of an oral agreement anterior to the written contract to the effect that the plaintiff was to display a slide which had been in previous use until a series of four new slides could be procured, which were then to be substituted for the old slide, and that the agreement with respect to a change of slides referred to such changes as might thereafter be requested by the defendant to be made. It is further set forth that the 2,681 slides referred to in the statement of claim consisted of this series of four slides. It is denied that these were furnished at the request of defendant, but is averred that they were voluntarily supplied by the plaintiff because of its moral obligation to comply with its oral promise, in reliance on which the defendant had made the written contract. This is followed by the statement of fact that no slides had been furnished at defendant's request. There is

no sufficient denial of the fact that slides were supplied to the number claimed by plaintiff. There is in like manner no sufficient denial of performance by the plaintiff of its contract. The rendering of the accounts is admitted, but a denial is made of the acceptance of the accounts as correct. This is coupled with the positive averment that they were objected to as incorrect. A positive denial, however, is made that the value of the services rendered by the plaintiff amounted to $87,946 and as positive an averment that the value did not exceed $85,-100. They admit the correctness of a credit allowance of $82,891, and set up a payment since suit brought of $2,374. There is some discrepancy in the figures given, but the defense set up is in substance that the plaintiff has been paid in full; defendant admitting an indebtedness to the amount, without interest, of the $2,374, which it has paid. The assertion before made is reiterated that the plaintiff was including $2,681, the cost of the slides, in its claim. These slides the defendant denies it was to pay for or to pay for any slides in money.

As the plaintiff was claiming the agreed compensation for the service of displaying advertising slides at certain times and at certain houses, it would ordinarily have been incumbent upon the plaintiff to have set forth the dates when the service was rendered and what service was rendered. So far as the claim of the plaintiff was based upon what would have, under the old form of common counts, been expressed as an indebtedness on an account stated between the parties, the basis of which would have been the bills rendered, it would have been necessary for the plaintiff to have set forth copies of these bills as they were in writing. If the statement of claim had taken this form, the requirement would have been upon the defendant to have met this in the affidavit of defense by a denial, not only that services had been rendered to the amount of value as claimed by the plaintiff, but it would have been further required that the affidavit should specify what of the services alleged by the plaintiff to have been performed were not performed. To have set forth all these particulars in the statement of claim would have expanded the statement into a very voluminous document. The defendant, therefore, did not insist that the plaintiff fulfill this requirement of pleadings, but was willing to accept in lieu thereof a simple summary of the mathematical results of such a statement, to wit, that the total services amounted to $87,946, the credits to $82,891, and the balance of the claim $5,055. The waiver of the requirement which rested upon the plaintiff necessarily involves a waiver of the requirement which would otherwise have rested upon the defendant; and, as the plaintiff contented itself with a statement of the summarized figures, the defendant is confined to a denial in a like summary form.

An affidavit of defense to a claim of the first kind, which would be insufficient because too general, could not be thus criticized if it were introduced in answer to a statement of claim of the second kind. The affidavit in this case would ordinarily be held to be insufficient. The argument addressed to us by learned counsel for the plaintiff is as convincing as a demonstration. Inasmuch, however, as the statement of claim rests the plaintiff's case upon the general averment that the

value of the services rendered by the plaintiff was $87,946, we are constrained to accept as a good affidavit of defense a denial of the averment that the value of the services was this sum, coupled with the counter averment that the amount of the value of the services did not exceed $85,100. As in the statement of claim the averment that slides to the value of $2,681 was held to have no function in the statement of claim otherwise than to forestall an anticipated possible defense, and could therefore be treated as surplusage, so in like manner the averment in the affidavit of defense that the plaintiff was seeking to secure a money recovery for the value of the changed slides has no function in the affidavit of defense, and may be treated also as surplusage. As, however, the statement of claim, when carefully read, may be found to be ambiguous in that, while it avers a performance of the service called for by the contract, there is also a reference to extra service. This reference to the extra service, which before escaped the notice of the court, gives a significance to the otherwise uncalled for averment of the cost of the changed slides, because the claim of the plaintiff may, in view of this, turn out to be based upon the fact that it did not perform what may be termed original service to the amount claimed, but that the service which was thus performed, plus some extra service, and with the further addition of the cost of the slides (which extra service and cost are by the contract made the equivalent of the service called for by the contract to be performed), together make up the sum total of the value of the services claimed by the plaintiff to have been performed. In this view of the facts, the claim of the plaintiff would in effect include a claim for the money cost of the slides. The averment in the affidavit of defense that the slides referred to in the plaintiff's statement were not slides furnished at the request of the defendant, within the terms of the contract, but were slides which the plaintiff voluntarily furnished in pursuance of the expectation of the parties that they would be furnished outside of and independently of the obligations of the contract, in consequence becomes of value.

To sum up the whole matter, there is in the affidavit of defense the specific and positive denial of the averment in the statement of claim that services to the value of $87,946 were furnished, a denial that any slides were furnished by the plaintiff at the request of the defendant under the terms of the contract, and a specific averment that $2,374 had been paid by the defendant to the plaintiff, which payment the defendant further avers paid all just demands of the plaintiff in full, without interest.

The rule to open the judgment to let the defendant into a defense is made absolute, and leave is granted to the defendant to file the affidavit of defense submitted with the brief of counsel.